FILED
NOVEMBER 16, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. PETERSBURG, ET AL., | : |
| Plaintiffs, | : |
| v. | : **07 C 6529** |
| TOTAL CONTAINMENT, INC., ET AL., | : **JUDGE MORAN** |
| | : **MAGISTRATE JUDGE BROWN** |
| Defendants. | : Filed in conjunction with: 1:06-cv-20953-JAL (SD of FL) |
| UNDERWRITERS LABORATORIES INC. | : |
| Non-party movant | : |

**UNDERWRITERS LABORATORIES INC.'S
MOTION TO QUASH**

Underwriters Laboratories, Inc. ("UL") files this Notice of Motion to Quash under Fed. R. Civ. Pro. Rule 45 and respectfully asks the Court to quash: (1) the subpoena and notice of deposition served on UL on November 13, 2007[1], and (2) the subpoena and notice of deposition served on UL employee – Thomas Skowera on November 15, 2007.[2]

**INTRODUCTION**

In the late afternoon of November 13, 2007, UL was served with a subpoena issued from the Northern District of Illinois commanding UL to appear to testify at a 30(b)(6) deposition in Northbrook, Illinois on November 21, 2007 at 9 a.m. A copy of the notice of deposition had been faxed to UL's counsel in Louisiana on the night of

---

[1] The subpoena and notice of deposition to UL are attached hereto, *in globo*, as Exhibit 1.
[2] The subpoena and notice of deposition to Thomas Skowera are attached hereto, *in globo*, as Exhibit 2.

November 12, 2007. At approximately 6:30 p.m. on November 15, 2007, UL employee Thomas Skowera was likewise served with a subpoena from the Northern District of Illinois and a notice of deposition commanding Mr. Skowera to sit for a deposition in Northbrook, Illinois on November 21, 2007 (the attorney who noticed Mr. Skowera's deposition did not send any prior notice to UL's attorneys).

The November 21, 2007 deposition date for UL and Mr. Skowera was set unilaterally without any contact with UL or any of its attorneys. The depositions were both noticed in connection with a case pending in the Southern District of Florida styled *City of St. Petersburg et al v. Total Containment, Inc. et al.*, No. 06-20953-JAL (SD of FL). UL and Mr. Skowera are not parties to the aforementioned Florida case.

As set forth more fully below, the deposition subpoena and the notice of deposition to UL and to Thomas Skowera must both be quashed because they are untimely under the controlling local rules of the Southern District of Florida (Local Rule 26.1 J). Additionally, the 30(b)(6) deposition notice to UL must be quashed because no witness fees have been tendered to UL in violation of Federal Rule of Civil Procedure 45(b)(1), the Areas of Inquiry set forth in the notice to UL are overly broad, unduly burdensome, and irrelevant, and the deposition notice improperly purports to seek production of documents in an untimely manner and without identifying the documents being requested.

## ARGUMENT

**A.     The Subpoena And Notice Of Deposition To UL And Thomas Skowera Must Be Quashed As Untimely Because They Are Non-Parties To The Underlying Florida Litigation Who Were Not Given The Required Ten Working Days' Notice**

The depositions of UL and Mr. Skowera at issue were noticed and bear captions with a civil action number pending in the United States District Court for the Southern District of Florida. The Southern District of Florida's local rule governing the "Reasonable Notice of Taking Depositions" is found in LR 26.1 J which provides in relevant part:

> Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a) … **a party desiring to take the deposition in another State of any person upon oral examination shall give at least ten working days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party)**.
>
> Failure by the party taking the oral deposition to comply with this rule obviates the need for protective order.[3]

(Emphasis supplied). There is no question that LR 26.1 J governs the present situation because UL and Mr. Skowera are non-parties to the Florida action whom the plaintiffs are seeking to depose in another State -- Illinois. Accordingly, the plaintiffs were required to give ten (10) working days' notice to UL and Mr. Skowera of their depositions, but failed to do so. UL's local attorney in Louisiana was faxed a copy of the notice to UL at approximately 5 p.m. on November 12, 2007 – less than 7 working days before the November 21, 2007 deposition date (which incidentally is set on the day before Thanksgiving). Mr. Skowera was served personally with his deposition subpoena

---

[3] Local Rule 26.1 (S.D. Fl.) is attached as Exhibit 3.

and notice of deposition at his home on the night of November 15, 2007 – less than 4 working days before the November 21, 2007 deposition date.  Federal district courts in the Seventh and Eleventh federal circuits consistently hold that compliance with the local rules of court is mandatory.  *See Caterpillar Inc. v. Estate of Velton Lacefield Cole et al.*, 2007 U.S. Dist. LEXIS 71931 at *13 (N.D. Ill.) ("Strict compliance with the local rules is mandatory for practitioners appearing before this court …."); *Kramer v. Gwinnett County et al.*, 306 F. Supp. 2d 1219 at 1224 (N.D. Ga. 2004) ("The Local Rules are mandatory, and are in place to ensure a fair and just pretrial process.").

Moreover, LR 26.1 J clearly states that the "[f]ailure by the party taking the oral deposition to comply with this rule obviates the need for a protective order." Accordingly, UL and Mr. Skowera are not required to file for a protective order here or in the Southern District of Florida.  This motion is filed out of abundance of caution.  Under the clear mandate of LR 26.1, the plaintiffs' subpoena and notice of deposition to UL and to Mr. Skowera must be quashed as untimely.

In addition, even absent the Florida Local Rule, the notice is unreasonable because it does not provide UL time to prepare for a Rule 30(b)(6) deposition.  Unless the topic areas are narrowed, there may be multiple witnesses who reside in multiple states who would be necessary to respond to such a notice.  These witnesses are not all located in Northbrook, Illinois where this deposition is noticed.

**B.    The Deposition Subpoena To UL Is Invalid Because No Witness Fees Were Tendered**

Federal law requires that a witness fee be tendered concurrent with the service of a subpoena.  *See* FRCP Rule 45 ("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance

is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."); *see also* 28 U.S.C. § 1821 ("a witness in attendance … before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.").

It is well-settled under federal law that the failure to tender the proper witness fee concurrent with the service of a subpoena <u>invalidates the subpoena</u>. *Andreola v. State of Wisconsin*, 2006 U.S. Dist. LEXIS 19123 at *30 (E.D. Wis.) ("Effective service of a subpoena requires that the fees for one day's attendance and mileage allowed by law be tendered to the witness at the time of service. Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend."); *see also* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2454 at 25-26 (West 1995); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir. 1983); *Lindell v. Friday*, 2004 U.S. Dist. LEXIS 1570, 2004 WL 225076, *1(W.D. Wis. Feb 02, 2004). The requirement of payment of witness fees clearly applies to 30(b)(6) designees as well as individual depositions. *Mississippi Chemical Corporation v. Dresser-Rand Co.*, 2000 U.S. Dist. LEXIS 21965 at *40 (S.D. Miss.) ("all persons other than parties, who have testified in the case, or who have been in actual personal attendance upon the court, either at trial or on deposition, are entitled to [the customary witness fee.] …. The defendant has cited no authority in support of the proposition that witness fees may not be awarded against witnesses solely due to their status as Rule 30(b)(6) designees ….").

UL was served with its deposition subpoena on November 13, 2007. No witness fees were tendered to UL with the subpoena as required by federal law. Accordingly, the subpoena to UL is invalid and must be quashed.

### C. The Notice Of Deposition To UL Is Also Flawed Because It Requests Documents In An Untimely And Vague Manner

The notice of deposition to UL must also be quashed because it improperly purports to seek production of documents in an untimely manner and without identifying the documents being requested. In particular, page 2 of the notice of deposition states that UL's designee "is also requested to produce to the above-listed counsel all documents as set forth in Exhibit A, attached, on or before the time and date of the noticed depositions(s)."

The first problem with this document request is that no Exhibit A was served on UL indicating what documents are being requested, so UL cannot possibly comply with this notice of deposition. Second, even if plaintiffs had identified the documents they are seeking, they have failed to allot 30 days for production of the documents as required by FRCP Rules 30(b)(5) and 34(b). *Strode et al. v. Venice, IL, et al.*, 2006 U.S. Dist. LEXIS 75773 at *3 (S.D. Ill.) (Illinois federal court quashed subpoenas duces tecum that were served only 13 days before production date instead of the mandatory 30 days required under FRCP Rules 30(b)(5) and 34(b)). Accordingly, the notice of deposition to UL must also be quashed for seeking documents in an untimely and vague manner.

### D. Even If The Notice Of Deposition Had No Procedural Deficiencies, It Should Still Be Quashed Because It Is Overly Broad, Seeks Irrelevant Testimony, Is Unduly Burdensome, And Does Not Provide Reasonable Notice

Even if the notice of deposition to UL was not procedurally defective as set forth above, it sets forth the following Areas of Inquiry that are overly broad, unduly burdensome, and irrelevant to the Florida litigation at issue:

**AREAS OF INQUIRY**

1. Testimony related to the testing, approval, certification and/or listing of flexible petroleum piping manufactured, sold, marketed or distributed by Total Containment, Inc. and/or Dayco Products, LLC.

2. Testimony related to the development of, and/or changes or modifications to UL-971.

3. Testimony relating to any and all correspondence, notes, memos, or communications of any type, including computer-generated communications, between Total Containment, Inc, Inc. and Underwriters Laboratories, Inc. related to flexible piping manufactured, sold, marketed or distributed by Total Containment, Inc. and/or Dayco Products, LLC.

UL has tested TCI flexible piping dating back to the early 1990's and certain TCI piping products obtained UL listings. UL has also participated in the development of UL Subject 971 and UL Standard 971 for over 15 years. But Areas of Inquiry No.'s 1-3 make no attempt to identify what TCI products are at issue in the Florida litigation or what time periods are at issue. This deposition was noticed as a 30(b)(6) deposition and without some limitations, UL as a non-party would be unfairly burdened with having to testify and produce a witness who is familiar with thousands of documents concerning products not even at issue in the Florida case as well as issues related to the development of Subject 971 and Standard 971 that have no bearing on any of the TCI products at issue in the Florida litigation. In addition, UL cannot prepare for a Rule 30(b)(6) deposition with broad topics and 4,000 pages of documents with such short notice. Multiple witnesses may be necessary who may be located in different states if the notice is not narrowed. Federal district courts have noted the burden on a party to prepare witnesses for 30(b)(6) depositions and have not hesitated to quash overly broad 30(b)(6) notices. *U.S. Equal Employment Opportunity Commission v. Venator Group*, 2000 U.S. dist. LEXIS 12153 at *2 (The defendant's deposition request under Rule 30(b)(6), in my judgment, is overly

broad and in addition is ambiguous about the material requested); *see also Chase Manhattan Mortgage Corporation et al. v. Advanta Corporation et al.*, 2003 U.S. Dist. LEXIS 18015 at *4 (Del.) ("The Court recognizes that preparing designated witnesses for 30(b)(6) depositions can be burdensome."); *Sullivan et al. v. USAA General Indemnity Company*, 2006 U.S. Dist. LEXIS 32670 at *10 (W.D. Okl.) ("the Court finds that Plaintiffs' 30(b)(6) deposition notice is overly broad and unduly burdensome.").

Moreover, the attorneys who issued this deposition subpoena are aware that the areas of inquiry are objectionable because UL made the same objections to duplicative requests for information in a prior subpoena for documents issued by the same attorneys in the underlying Florida litigation. In response to that subpoena for documents issued from the Northern District of Illinois on September 21, 2007, UL served objections but also produced roughly 4,000 pages of documents in response to the non-objectionable portions of the subpoena duces tecum. The plaintiffs in the underlying Florida case have not narrowed the objectionable topics (from their last subpoena) in the instant notice of deposition.

Accordingly, even if the instant notice of deposition to UL was procedurally proper, it should be quashed as overly broad, irrelevant and unduly burdensome.

## LOCAL RULE 37.2

At approximately 2:30 p.m. on Friday, November 16, 2007, legal counsel for UL in the State of Louisiana (John Olinde) placed a call to R. Edwin Lamberth, the attorney who issued the subpoenas to UL and Mr. Skowera, to request that Mr. Lamberth withdraw the subpoenas at issue do to their deficiencies under the federal rules and the local rules of court for Southern District of Florida. Mr. Lamberth was not available to

take the call. Mr. Olinde was referred to Mr. Lamberth's paralegal who also was not available, and Mr. Olinde left a voice message asking for a return call and further asking that the subpoenas be withdrawn.

## CONCLUSION

For all the foregoing reasons, UL respectfully requests that the Court issue an Order quashing the deposition subpoena and notice of deposition to UL and to its employee Thomas Skowera.

Respectfully submitted,

/s/ Columbus R. Gangemi, Jr.

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600

**Attorneys for Underwriters Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of November, 2007, served a copy of the foregoing pleading on attorney R. Edwin Lamberth, by electronic mail and/or mailing the same by United States mail, properly addressed, and first class postage prepaid.

/s/ Columbus R. Gangemi, Jr.