**JUDGE MORAN**
**MAGISTRATE JUDGE BROWN**

# 07 C 6529

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

## UNITED STATES DISTRICT COURT

NORTHERN                    DISTRICT OF                    ILLINOIS

CITY OF ST. PETERSBURG, et al.,

V.

TOTAL CONTAINMENT, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-cv-20953-JAL  (SD of FL)

TO:  Underwriters Laboratories, Inc.
333 Pfingsten Road
Northbrook, IL  60062

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. on the topics listed in the deposition notice attached hereto as Exh 1.

| PLACE OF DEPOSITION Underwriters Laboratories, Inc., 333 Pfingsten Road, Northbrook, IL  60062 | DATE AND TIME 11/21/2007 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE   Underwriters Laboratories, Inc., 333 Pfingsten Road, Northbrook, IL  60062 | DATE AND TIME 11/21/2007 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 11/12/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Edwin Lamberth, Attorney for Plaintiff
1601 Dauphin Street, Mobile, AL  36606          Telephone:  251-471-6191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Underwriters Laboratories, Inc. | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT 1 TO SUBPOENA DUCES TECUM OF UNDERWRITERS LABORATORIES, INC.**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-20953-CIV-LENARD-TORRES (Southern District of Florida)

CITY OF ST. PETERSBURG, a Florida municipality; TWIN OIL COMPANY, a Florida corporation; and JEFF MONTGOMERY ASSOCIATES, a sole proprietor in the State of Florida, on behalf of themselves and all other Florida residents similarly situated,

      Plaintiffs,

v.

TOTAL CONTAINMENT, INC., a Pennsylvania corporation; TC FUEL COMPONENTS, LLC., a Pennsylvania corporation; DAYCO PRODUCTS, INC.; a Delaware corporation (and subsidiary of PARKER HANNIFIN CORP.); DAYCO PRODUCTS, LLC, a Delaware corporation CLEVELAND TUBING, INC., a Tennessee corporation; MARK IV INDUSTRIES, INC., a US based company; MARK IV INDUSTRIES, LTD., a Delaware corporation, MIV HOLDINGS, S.A., a Luxemborg company (and parent of Mark IV Industries, Inc.); CANAM GROUP, INC., a Canadian corporation; CANAM MANAC GROUP, INC., a former Canadian corporation; CANAM STEEL CORP., a subsidiary of Canam Manac Group, Inc.; FINLOC, INC., a Canadian corporation; FINLOC US INC., a Delaware corporation; POLYFLOW, INC., a Pennsylvania Corporation; and UNNAMED DEFENDANTS 1-100, inclusive,

      Defendants.

---

### NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
### OF UNDERWRITERS LABORATORIES, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Local Rule 26.1 J, Plaintiffs will take the deposition upon oral examination of Underwriters Laboratories, Inc. through its designated agent(s).

The deposition will commence on  November 21, 2007   at 9:00 a.m., at   Underwriters Laboratories, Inc., 333 Pfingsten Road, Northbrook, IL 60062  , before a person authorized by law to administer oaths.  The deposition(s) will be stenographically and videotaped recorded and will continue from day to day until completed.

Underwriters Laboratories, Inc. shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are most knowledgeable to testify regarding the matters designated below in "Areas of Inquiry".

The designee is also requested to produce to the above-listed counsel all documents as set forth in Exhibit A, attached, on or before the time and date of the noticed deposition(s).

### AREAS OF INQUIRY

1. Testimony related to the testing, approval, certification and/or listing of flexible petroleum piping manufactured, sold, marketed or distributed by Total Containment, Inc. and/or Dayco Products, LLC.

2. Testimony related to the development of, and/or changes or modifications to UL-971.

3. Testimony relating to any and all correspondence, notes, memos, or communications of any type, including computer-generated communications, between Total Containment, Inc. and Underwriters Laboratories, Inc. related to flexible petroleum piping manufactured, sold, marketed or distributed by Total Containment, Inc. and/or Dayco Products, LLC.

2

I HEREBY CERTIFY that all counsel of record have been served as indicated on the attached

Service List this ___12th___ day of November, 2007.

Respectfully submitted,

CUNNINGHAM, BOUNDS, CROWDER,
BROWN and BREEDLOVE, LLC
Attorneys for Plaintiffs

/s/ R. Edwin Lamberth
R. Edwin Lamberth (LAMBR5698)
rel@cbcbb.com
1601 Dauphin Street
Mobile, Alabama 36604
Telephone: (251) 471-6191
Facsimile: (251) 479-1031

**Co-Counsel for Plaintiffs:**

PODHURST, ORSECK, P.A.
Robert C. Josefsberg / rjosefsberg@podhurst.com
Katherine W. Ezell / kezell@podhurst.com
Victor M. Diaz, Jr. / vdiaz@podhurst.com
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

JAMES M. CAWLEY, JR., PLLC
James M. Cawley, Jr. / jay@jaycawley.net
1120 NASA Parkway, Suite 410
Houston, TX 77058
Telephone: (713) 426-1700
Facsimile: (713) 425-5325

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Mark P. Chalos / mchalos@lchb.com
Sharmila L. Murthy / smurthy@lchb.com
150 Fourth Avenue, Suite 1650
Nashville, TN 37219-2415
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin / jselbin@lchb.com
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

3

CAPOUANO, BECKMAN, RUSSELL
& GREGG
Ronald W. Russell / r.russell@cbrlegal.com
Joel K. Gregg / joelkgregg@yahoo.com
560 South McDonough Street, Suite C
Montgomery, AL 36104
Telephone: (334) 834-4808
Facsimile: (334) 834-4801

## SERVICE LIST

The following counsel of record have been served **via the Southern District of Florida's  CM/ECF
System and/or electronic mail by Plaintiffs' counsel:**

PODHURST ORSECK, P.A.
Robert C. Josefsberg / rjosefsberg@podhurst.com
Katherine W. Ezell / kezell@podhurst.com
Victor M. Díaz, Jr. / vdiaz@podhurst.com
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
*Counsel For Plaintiffs*

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin / jselbin@lchb.com
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*Counsel For Plaintiffs*

CAPOUANO, BECKMAN, RUSSELL & GREGG
Ronald W. Russell / r.russell@cbrlegal.com
Joel K. Gregg / joelkgregg@yahoo.com
560 South McDonough Street, Suite C
Montgomery, AL 36104
Telephone: (334) 834-4808
Facsimile: (334) 834-4801
*Counsel For Plaintiffs*

CUNNINGHAM, BOUNDS, CROWDER,
BROWN & BREEDLOVE, LLC
Robert T. Cunningham, Jr. / rtc@cbcbb.com
Richard T. Dorman / rtd@cbcbb.com
Steven L. Nicholas / sln@cbcbb.com
R. Edwin Lamberth / rel@cbcbb.com
Bryan E. Comer / bec@cbcbb.com
1601 Dauphin Street
Mobile, Alabama  36604
Telephone: (251) 471-6191
Facsimile: (251) 479-1031
*Counsel For Plaintiffs*

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Mark P. Chalos / mchalos@lchb.com
150 Fourth Avenue, Suite 1650
Nashville, TN 37219-2415
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
*Counsel For Plaintiffs*

JAMES M. CAWLEY, JR., PLLC
James M. Cawley, Jr. / jay@jaycawley.net
1120 NASA Parkway, Suite 410
Houston, TX 77058
Telephone: (713) 426-1700
Facsimile: (713) 425-5325
*Counsel For Plaintiffs*

4

WICKER, SMITH, O'HARA, McCOY,
GRAHAM & FORD, PA
Dennis M. O'Hara / dohara@wickersmith.com
Jordan S. Cohen / jcohen@wickersmith.com
515 East Las Olas Boulevard
SunTrust Center, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
*Counsel For Total Containment, Inc.*

MILLER & MARTIN, PLLC
Lynda M. Hill / lhill@millermartin.com
Volunteer Building, Suite 1000
832 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
*Counsel For Cleveland Tubing, Inc.*

ADAMS & REESE, LLP
Richard B. Eason, II / richard.eason@arlaw.com
E. Gregg Barrios / gregg.barrios@arlaw.com
Ralph Wall / ralph.wall@arlaw.com
Mark J. Spansel / mark.spansel@arlaw.com
701 Poydras Street, 4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel For Dayco Products, LLC, Mark IV Industries,
Inc., Mark IV Industries, Ltd. & MIV Holdings, SA*

KUBICKI DRAPER
Peter H. Murphy / u45@kubickidraper.com
City National Bank Building
25 West Flagler Street, Penthouse
Miami, Florida 33130
Telephone: (305) 374-1212
Facsimile: (305) 374-7846
*Counsel For Dayco Products, LLC, Mark IV Industries,
Inc., Mark IV Industries, Ltd. & MIV Holdings, SA*

SHUTTS & BOWEN, LLP
Frank Zacherl / fzacherl@shutts-law.com
Brad Redlien / bredlien@shutts-law.com
201 South Biscayne Blvd., Suite 1500
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982
*Counsel For PolyFlow, Inc., TC Fuel Components, Inc.&
Finloc US, Inc.*

MILLER & MARTIN, PLLC
T. Harold Pinkley / hpinkley@millermartin.com
150 Fourth Avenue, North
1200 One Nashville Place
Nashville, TN 37219
Telephone: (615) 244-9270
Facsimile: (615) 256-8197
*Counsel For Cleveland Tubing, Inc.*

SHUTTS & BOWEN, LLP
John Dannecker / jdannecker@shutts-law.com
Dario Perez / dperez@shutts-law.com
1500 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982
*Counsel For Cleveland Tubing, Inc.*

ADAMS & REESE, LLP
Jannea S. Rogers / jannea.rogers@arlaw.com
One St. Louis Street, Suite 4500
Mobile, Alabama 36602
Telephone: (251) 433-3234
Facsimile: (251) 650-0849
*Counsel For Dayco Products, LLC, Mark IV Industries,
Inc., Mark IV Industries, Ltd. & MIV Holdings, SA*

SHUTTS & BOWEN, LLP
Joseph M. Goldstein / jgoldstein@shutts-law.com
Edward J. O'Sheehan / eosheehan@shutts-law.com
200 East Broward Blvd.,
Fidelity Federal Center, Suite 2100
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505
Facsimile: (954) 888-3066
*Counsel For Polyflow, Inc, TC Fuel Components, Inc. &
Finloc US, Inc.*

DLA PIPER RUDNICK GRAY CARY US LLP
Fredrick H.L. McClure/fredrick.mcclure@dlapiper.com
E. Colin Thompson / colin.thompson@dlapiper.com
Matthew Meyer / matthew.meyer@dlapiper.com
101 East Kennedy Blvd., Suite 2000
Tampa, FL 33602
Telephone: (813) 229-2111
Facsimile: (813) 229-1447
*Counsel For Canam Group, Inc.,
Canam Manac Group, Inc. & Canam Steel Corp*

5

DLA PIPER RUDNICK GRAY CARY US LLP
Jeffrey D. Herschman / jeffrey.herschman@dlapiper.com
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-3000
Facsimile: (410) 580-3001
*Counsel For Canam Group, Inc.,*
*Canam Manac Group, Inc. & Canam Steel Corp*

JACKSON & CAMPBELL
Paul D. Smolinsky / psmolinsky@jackscomp.com
Richard W. Bryan / rbryan@jackscamp.com
1120 Twentieth Street, N.W.
Washington, DC 20036-3437
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
*Counsel For Commerce & Industry Insurance Co.*

MARLOW, CONNELL, VALERIUS, ABRAMS,
 ADLER, NEWMAN, LEWIS & BLEVINS
Maritza Pena / mpena@marlowconnell.com
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL 33146
Telephone: (305) 446-0500
Facsimile: (305) 446-3667
*Counsel For Commerce & Industry Insurance Co.*

6

⊗AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ ILLINOIS

| | |
|---|---|
| CITY OF ST. PETERSBURG, et al., <br><br> V. <br><br> TOTAL CONTAINMENT, INC., et al. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1]  1:06-cv-20953-JAL  (SD of FL) |

TO:  Thomas Skowera
     417 S I Oka Avenue
     Mount Prospect, IL  60056

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION <br> Underwriters Laboratories, Inc., 333 Pfingsten Road, Northbrook, IL  60062 | DATE AND TIME <br> 11/21/2007 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *R. Fd C.* | DATE <br> 11/12/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Edwin Lamberth, Attorney for Plaintiff
1601 Dauphin Street, Mobile, AL  36606          Telephone:  251-471-6191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Thomas Skowera |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20953-CIV-LENARD-TORRES

CITY OF ST. PETERSBURG, a Florida
municipality; TWIN OIL COMPANY, a Florida
corporation; and JEFF MONTGOMERY
ASSOCIATES, a sole proprietor in the State of
Florida, on behalf of themselves and all other
Florida residents similarly situated,

      Plaintiffs,

v.

TOTAL CONTAINMENT, INC., a Pennsylvania
corporation; TC FUEL COMPONENTS, LLC.,
a Pennsylvania corporation; DAYCO
PRODUCTS, INC.; a Delaware corporation (and
subsidiary of PARKER HANNIFIN CORP.);
DAYCO PRODUCTS, LLC, a Delaware
corporation CLEVELAND TUBING, INC., a
Tennessee corporation; MARK IV
INDUSTRIES, INC., a US based company;
MARK IV INDUSTRIES, LTD., a Delaware
corporation, MIV HOLDINGS, S.A., a
Luxemborg company (and parent of Mark IV
Industries, Inc.); CANAM GROUP, INC., a
Canadian corporation; CANAM MANAC
GROUP, INC., a former Canadian corporation;
CANAM STEEL CORP., a subsidiary of Canam
Manac Group, Inc.; FINLOC, INC., a Canadian
corporation; FINLOC US INC., a Delaware
corporation; POLYFLOW, INC., a Pennsylvania
Corporation; and UNNAMED DEFENDANTS
1-100, inclusive,

      Defendants.

## NOTICE OF VIDEOTAPE DEPOSITION

PLEASE TAKE NOTICE that the Plaintiffs will take the videotaped and stenographic

CASE NO. 06-20953-CIV-LENARD-TORRES

deposition of **THOMAS SKOWERA, on November 21, 2007, at 11:00 a.m., at Underwriters Laboratories, Inc., 333 Pfingsten Road, Northbrook, IL 60062,** upon oral examination, before an officer duly authorized to administer oaths and swear witnesses. A digital picture of the deponent will be taken and the deposition will be videotaped for the purpose of preserving the evidence to present to a jury in the event the witness is unavailable for trial. The deponent will be treated fairly and the video record will be trustworthy and accurate. Furthermore, the written transcript by the court reporter shall constitute the official record of the deposition. The oral examination will continue from day to day until completed.

I HEREBY CERTIFY that all counsel of record have been served as indicated on the attached Service List this _12th_ day of November, 2007.

CUNNINGHAM, BOUNDS, CROWDER,
BROWN & BREEDLOVE, LLC
**Attorneys for Plaintiffs**

ROBERT T. CUNNINGHAM, JR. / rtc@cbcbb.com
RICHARD T. DORMAN / rtd@cbcbb.com
STEVEN L. NICHOLAS / sln@cbcbb.com
R. EDWIN LAMBERTH / rel@cbcbb.com
BRYAN E. COMER / bec@cbcbb.com
Post Office Box 66705
Mobile, Alabama  36660
Telephone:  251-471-6191
Facsimile:  251-479-1031

<u>Co-Counsel for Plaintiffs</u>:

PODHURST ORSECK, P.A.
Robert C. Josefsberg (SBN 040856)
rjosefsberg@podhurst.com
Katherine W. Ezell (SBN 114771)

LIEFF, CABRASER, HEINMANN
 & BERNSTEIN, LLP
Jonathan D. Selbin / jselbin@lcbh.com
780 Third Avenue, 48th Floor

CASE NO. 06-20953-CIV-LENARD-TORRES

kezell@podhurst.com
City National Bank Building
25 West Flagler Street, Suite 800
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

JAY M. CAWLEY, JR., PLLC
Jay M. Cawley, Jr. / jay@jaycawley.net
440 Louisiana Street, Suite 2110
Houston, TX 77002
Telephone: (713) 426-1700
Facsimile: (713) 425-5325

CAPOUANO, BECKMAN, RUSSELL
  & GREGG
Ronald A. Russell / r.russell@cbrlegal.com
Joel K. Gregg / joelkgregg@yahoo.com
560 South McDonough Street, Suite C
Montgomery, AL 36104
Telephone: (334) 834-4808
Facsimile: (334) 834-4801

New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEINMANN
  & BERNSTEIN, LLP
  Mark P. Chalos / mchalos@lchb.com
150 Fourth Avenue, Suite 1560
Nashville, TN 37219-2415
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

FARELLA, FRAUN + MARTEL, LLP
John D. Green / Jgreen@fbm.com
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

## SERVICE LIST

The following counsel of record have been served via the Southern District of Florida's CM/ECF System and/or electronic mail by Plaintiffs' counsel:

PODHURST ORSECK, P.A.
Robert C. Josefsberg / rjosefsberg@podhurst.com
Katherine W. Ezell / kezell@podhurst.com
Victor M. Diaz, Jr. / vdiaz@podhurst.com
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
*Counsel For Plaintiffs*

CUNNINGHAM, BOUNDS, CROWDER,
  BROWN & BREEDLOVE, LLC
Robert T. Cunningham, Jr. / rtc@cbcbb.com
Richard T. Dorman / rtd@cbcbb.com
Steven L. Nicholas / sln@cbcbb.com
R. Edwin Lamberth / rel@cbcbb.com
Bryan E. Comer / bec@cbcbb.com
1601 Dauphin Street
Mobile, Alabama  36604
Telephone: (251) 471-6191
Facsimile: (251) 479-1031
*Counsel For Plaintiffs*

CASE NO. 06-20953-CIV-LENARD-TORRES

ADAMS & REESE, LLP
Jannea S. Rogers / jannea.rogers@arlaw.com
One St. Louis Street, Suite 4500
Mobile, Alabama 36602
Telephone: (251) 433-3234
Facsimile: (251) 650-0849
*Counsel For Dayco Products, LLC, Mark IV Industries,
Inc., Mark IV Industries, Ltd. & MIV Holdings, SA*

SHUTTS & BOWEN, LLP
Joseph M. Goldstein / jgoldstein@shutts-law.com
Edward J. O'Sheehan / eosheehan@shutts-law.com
200 East Broward Blvd.,
Fidelity Federal Center, Suite 2100
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505
Facsimile: (954) 888-3066
*Counsel For Polyflow, Inc, TC Fuel Components, Inc. &
Finloc US, Inc.*

DLA PIPER RUDNICK GRAY CARY US LLP
Fredrick H.L. McClure/fredrick.mcclure@dlapiper.com
E. Colin Thompson / colin.thompson@dlapiper.com
Matthew Meyer / matthew.meyer@dlapiper.com
101 East Kennedy Blvd., Suite 2000
Tampa, FL 33602
Telephone: (813) 229-2111
Facsimile: (813) 229-1447
*Counsel For Canam Group, Inc.,
Canam Manac Group, Inc. & Canam Steel Corp*

MARLOW, CONNELL, VALERIUS, ABRAMS,
ADLER, NEWMAN, LEWIS & BLEVINS
Maritza Pena / mpena@marlowconnell.com
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL 33146
Telephone: (305) 446-0500
Facsimile: (305) 446-3667
*Counsel For Commerce & Industry Insurance Co.*

KUBICKI DRAPER
Peter H. Murphy / u45@kubickidraper.com
City National Bank Building
25 West Flagler Street, Penthouse
Miami, Florida 33130
Telephone: (305) 374-1212
Facsimile: (305) 374-7846
*Counsel For Dayco Products, LLC, Mark IV Industries,
Inc., Mark IV Industries, Ltd. & MIV Holdings, SA*

SHUTTS & BOWEN, LLP
Frank Zacherl / fzacherl@shutts-law.com
Brad Redlien / bredlien@shutts-law.com
201 South Biscayne Blvd., Suite 1500
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982
*Counsel For PolyFlow, Inc., TC Fuel Components,
Inc.& Finloc US, Inc.*

DLA PIPER RUDNICK GRAY CARY US LLP
Jeffrey D. Herschman / jeffrey.herschman@dlapiper.com
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-3000
Facsimile: (410) 580-3001
*Counsel For Canam Group, Inc.,
Canam Manac Group, Inc. & Canam Steel Corp*

JACKSON & CAMPBELL
Paul D. Smolinsky / psmolinsky@jackscomp.com
Richard W. Bryan / rbryan@jackscamp.com
1120 Twentieth Street, N.W.
Washington, DC 20036-3437
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
*Counsel For Commerce & Industry Insurance Co.*

# LOCAL RULES

---

# United States District Court

# for the

# Southern District of Florida

**Revised April 2007**

> **Navigating this Document:** To easily navigate this document, select the "BOOKMARKS" tab on the left side of the screen. This will reveal links to each section and individual rule within the document, including the Table of Rules. By clicking on these links, you will be taken directly to the section you are looking for. Also, you may at any time, press the "CTRL" and "F" keys together to generate a "search" box. In this box you can type any word, such as "Rule 17" or "Attorney Admissions" and click "next" or "find" (depending on what version of Adobe you have). It will then locate the term you typed and take you to the first page on which that term appears. If there are multiple locations, hitting "next" will take you to the next page the word is located.

**EXHIBIT**

tabbies®

3

been deleted.

(2001) Corrects typographical error.

(2004) Local Rule 23.1.3 is amended to delete the requirement that a class action plaintiff move, within ninety days after the filing of the complaint, for a determination under Federal Rule of Civil Procedure 23(c)(1) as to whether the action should be maintained as a class action, to conform to the December 2003 amendment to Federal Rule of Civil Procedure 23(c)(1)(A), which clarifies that a Court may defer the decision on whether to certify a class if it is prudent to do so.

## RULE 24.1 CONSTITUTIONAL CHALLENGE TO ACT OF CONGRESS OR STATE STATUTE

**A.    Act of Congress.**  Upon the filing of any action in which the constitutionality of an Act of Congress affecting the public interest is challenged, and to which action the United States or an agency, officer, or employee thereof is not a party in its or their official capacity, counsel representing the party who challenges the Act shall forthwith notify the Court of the existence of the constitutional question.  The notice shall contain the full title and number of the action and shall designate the statute assailed and the grounds upon which it is assailed, so that the Court may comply with its statutory duty to certify the fact to the Attorney General of the United States as required by Title 28, United States Code, Section 2403.  The party challenging constitutionality shall also so indicate on the pleading or paper which first does so by stating, immediately following the title of the pleading or paper, "Claim of Unconstitutionality."

**B.    State Statute.**  Upon the filing of any action in which the constitutionality of a state statute, charter, ordinance, or franchise is challenged, counsel shall comply with the notice provisions of Florida Statutes Section 86.091.

**C.    No Waiver.**  Failure to comply with this Local Rule will not be grounds for waiving the constitutional issue or for waiving any other right the party may have.  Any notice provided under this rule, or lack of notice, will not serve as a substitute for, or as a waiver of, any pleading requirements set forth in the Federal Rules of Civil Procedure or statutes.

Effective Dec. 1, 1994; amended effective April 15, 2007.

### Authority

(1993) Former Local Rule 9;  Model Rule 24.1.

## RULE 26.1 DISCOVERY AND DISCOVERY MATERIAL (CIVIL)

**A.    Initial Disclosures**. Except in categories of proceedings specified in Federal Rule of Civil Procedure 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must comply with the disclosure obligations imposed under Federal Rule of Civil Procedure 26(a)(1), in the form

prescribed by Federal Rule of Civil Procedure 26(a)(4).

**B.    Service and Filing of Discovery Material.** In accordance with Federal Rule of Civil Procedure 5(d), disclosures under Federal Rule of Civil Procedure 26(a)(1) or (2), and the following discovery requests and responses must not be filed with the Court or the Clerk of the Court , nor proof of service thereof, until they are used in the proceeding or the court orders filing: (i) deposition transcripts, (ii) interrogatories (including responses and objections), (iii) requests for documents, electronically stored information or things or to permit entry upon land (including responses and objections), and (iv) requests for admission (including responses and objections).

**C.    Discovery Material to Be Filed with Motions.** If relief is sought under any of the Federal Rules of Civil Procedure, copies of the discovery matters in dispute shall be filed with the Court contemporaneously with any motion filed under these Local Rules by the party seeking to invoke the Court's relief.

**D.    Discovery Material to Be Filed at Outset of Trial or at Filing of Pre-trial or Post-trial Motions.** If depositions, interrogatories, requests for production, requests for admission, answers or responses are to be used at trial or are necessary to a pre-trial or post-trial motion, the portions to be used shall be filed with the Clerk of the Court at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated by the parties having custody thereof.

**E.    Discovery Material to Be Filed on Appeal.** When documentation of discovery not previously in the record is needed for appeal purposes, upon an application and order of the Court, or by stipulation of counsel, the necessary discovery papers shall be filed with the Clerk of the Court .

**F.    Timing of Discovery.**

1.    *When Discovery May Be Taken.* In accordance with Federal Rule of Civil Procedure 26(d), except in categories of proceedings exempted from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(E), or when authorized under the Federal Rules of Civil Procedure or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f).

a.    Leave of Court is not required under Federal Rule of Civil Procedure 30(a)(2)(C) if a party seeks to take a deposition before the time specified in Federal Rule of Civil Procedure 26(d) if the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

b.    A party may depose any person who has been identified as an expert whose opinions may be presented at trial. The deposition shall not be conducted until after the expert summary or report required by Local Rule 16.1.K. is provided.

**G.    Interrogatories and Production Requests.**

1.   The presumptive limitation on the number of interrogatories (twenty-five questions including all discrete subparts) which may be served without leave of Court or written stipulation, as prescribed by Federal Rule of Civil Procedure 33(a), shall apply to actions in this Court.  Interrogatories propounded in the form set forth in Appendix B to these Local Rules shall be deemed to comply with the numerical limitations of Federal Rule of Civil Procedure 33(a).

2.   No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

3.   (a)   Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(b)   Where a claim of privilege is asserted in objecting to any interrogatory or production demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

(i) The attorney asserting the privilege shall in the objection to the interrogatory or document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents or electronically stored information, to the extent the information is readily obtainable from the witness being deposed or otherwise: (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel Spreadsheet); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other;

(B) For oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication;

and (3) the general subject matter of the communication.

(c) This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

(d) If information (written documents, electronically stored information or otherwise) is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim, and the basis for it, and seek to retrieve the information and protect it from disclosure using the procedures set forth in Federal Rule of Civil Procedure 26(b)(5).

4.    Interrogatories shall be so arranged that following each question there shall be provided sufficient blank space for inserting a typed response. If the space allotted is insufficient, the responding party shall retype the pages repeating each question in full followed by the answer or objection thereto.

5.    Whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Federal Rule of Civil Procedure 33(d):

(a) The specification of business records and materials to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought.

(b) The producing party shall make available any electronically stored information or summaries thereof that it either has or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery.

(c) The producing party shall provide any relevant compilations, abstracts or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise immune from discovery.

(d) The business records and materials shall be made available for inspection and copying within ten days after service of the answers to interrogatories or at a date agreed upon by the parties.

6.    A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the

requesting party shows good cause, considering the limitations of Federal Rule of Civil Procedure 26(b)(2)(C).   The Court may specify conditions for the discovery.   Absent exceptional circumstances, the Court may not impose sanctions under these Local Rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

**H.    Discovery Motions.**

1.   *Time for Filing.* All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty days of the occurrence of grounds for the motion.   Failure to file discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

2.   *Motions to Compel.* Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Federal Rules of Civil Procedure 33, 34, 36 and 37, or to compel compliance with subpoenas for production or inspection pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), shall, for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (a) verbatim the specific item to be compelled; (b) the specific objections; (c) the grounds assigned for the objection (if not apparent from the objection); and (d) the reasons assigned as supporting the motion as it relates to that specific item.   The party shall write this information in immediate succession (e.g., specific request for production, objection, grounds for the objection, reasons to support motion; next request for production, objection, grounds for the objection, reasons to support motion; and so on) to enable the Court to rule separately on each individual item in the motion.

3.   *Motions for Protective Order.*   Except for motions for an order to protect a party or other person from whom discovery is sought from having to respond to an entire set of written discovery, from having to appear at a deposition, or from having to comply with an entire subpoena for production or inspection, motions for protective order under Federal Rule of Civil Procedure 26(c) shall, for each separate interrogatory question, request for production, request for admission, subpoena request, or deposition question, state: (a) verbatim the specific item of discovery; (b) the type of protection the party requests; and (c) the reasons supporting the protection.   The party shall write this information in immediate succession (e.g., specific request for protection, protection sought for that request for production, reasons to support protection; next request for production, protection sought for that request for production, reasons to support protection; and so on) to enable the Court to rule separately on each individual item in the motion.

**I.    Certificate of Counsel.** See Local Rule 7.1.A.3 and Federal Rule of Civil Procedure 37(a)(2).

**J.    Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested

parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within this State of any person upon oral examination shall give at least five working days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and a party desiring to take the deposition in another State of any person upon oral examination shall give at least ten working days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).

Failure by the party taking the oral deposition to comply with this rule obviates the need for protective order.

Notwithstanding the foregoing, in accordance with Federal Rule of Civil Procedure 32(a)(3), no deposition shall be used against a party who, having received less than eleven calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

**K.    Length of Depositions.** Unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited, under Federal Rule of Civil Procedure 30(d), to one day of seven hours.

Effective Dec. 1, 1994;  amended effective April 15, 1996;  April 15, 1998;  April 15, 2001; paragraph G.3 amended effective April 15, 2003;  April 15, 2004;  April 15, 2005;  April 15, 2007.

### Authority

(1993) Former Local Rule 10I. New portions of Section E [1994, now Subsections G.2–8] are based on S.D.N.Y. local rule.

### Comments

(1993) Section G [1994, now Section I] was modified to include all discovery motions at the recommendation of the Civil Justice Advisory Group.

(1994) A., F., G.1., J. (third paragraph).  The amendments are necessary in light of the December 1, 1993 amendment to Federal Rules of Civil Procedure 26, 32(a)(3), and 33(a).

(1996)[F.1.] Local Rule 26.1.F.1. was added to make the timing of expert witness depositions consistent with that prescribed by Federal Rule of Civil Procedure 26(b)(4)(A).

(1996)[I.] The "attempt to confer" language is added to mirror the obligations imposed by Federal Rule of Civil Procedure 37(a)(2)(A) and (B) and in recognition of the circumstance in which counsel for the moving party has attempted to confer with counsel for the opposing party, who fails or refuses to communicate. Violations of the Local Rule, whether by counsel for the moving or opposing party,